Gaston, J.
 

 This case has been re-heard upon the petition of the defendant, and the Court -is of opinion, that there is error in the decretal order in this, that it declared the plaintiff entitled to an account of rents and profits for more than three years before the filing of his bill. Á legal demand, prosecuted in a Coizrt of Equity, is barfed by the same length of time, as constitutes a statutory bar at law. Upon legal titles and legal demands, a Court of Equity is
 
 hound
 
 by the statute of limitations. The claim in this case is one purely legal. The plaintiff demands an account from the defendant, with whom he had been tenant in common of a tract of land, of the plaintiff’s share of rents and profits of the common property, the whole of which were retained by the defendant to his sole use. At common law, a tenant in common, unless where he had made his companion bailiff, could not have an action of account, but by the statute 4th Anne, ch. 10, it was enacted, that an action of account may be maintained by one tenant in common against the other,
 
 as bailiff,
 
 for receiving more than his share. It was doubted by the plaintiff’s counsel, in the argument, whether this statute was in force here — but we see no foundation for that doubt. It is avowedly an “ Act for
 
 the amendment of the law
 
 and the better advancement of justice,” and one of those statutes for the amendment of the law repeatedly recognised as in force by our Colonial Legislature, and so declared in the Act of 1777, the Court law. It is by this statute, that at this day
 
 payment
 
 is a goo.d plea to an action of debt on a single bill, or in debt, or a
 
 scire facias
 
 on a judgment; and that payment of principal and interest due,
 
 after
 
 the day of payment, may be pleaded to debt on bond with a condition or defeazance.
 

 The bill being then a mere substitute for the action of
 
 *3
 
 account, whatever time would be the; bar at law, bars the account here. ■ Our Act of limitations declares, that all actions of “account rendered shall be brought within three years next after the cause of such action or suit,
 
 and not after,
 
 except such accounts as concern the trade of merchandise between merchant^ and merchant, and their factors or servants. This demand is not within the exception, but is within the enactment, and the euquiry is, when did the cause of action arise. It has been argued, that the cause of action did not arise until after the relation of tenants in common had ceased between the parties, or until after a demand and refusal to account ; for that, during all that time, there was no withholding by one, of what the other was entitled to receive. We believe that this is a mistake. The receipt of the entire profits by one tenant in common, as such, is indeed no
 
 ouster
 
 of his companion — it affects not the possession of the
 
 land
 
 — but it imposes on him, who receives, an
 
 immediate
 
 accountability to the other, for the part of the profits to which he is entitled. The enactment of the statute, that “ actions of account may be maintained by one joint tenant or tenant in common, his executors and administrators against the others, as bailiff, for receiving more than his share, and against the executors and administrators of such,” is decisive, that the action lies while the relation of a common holding continues, and consequently that the cause of action may arise before the severance of that connection. It is sufficient in a declaration, after setting forth the holding as tenants in common, and the receipt of the whole rents, issues, and profits, by the defendant, and the “obligation of the defendant to render an account to the plaintiff of his share thereof, to aver as a breach that such account had not been rendered, although the defendant “ had been
 
 often
 
 required so to do.”
 
 See decl. in 3d Wilson, 73, 74.
 
 Now it is a settled principle in pleading, that, where the cause of action does
 
 not
 
 arise until after a
 
 demand
 
 made, aspe
 
 *4
 
 cial
 
 demand
 
 must be stated, and the general allegation of “
 
 saepius requisitas,”
 
 or often required, will not answer. The approved form of pleading the statute of limitations in this action is, that the defendant did not receive the profits “ at any time within sis years (with us
 
 three
 
 years,) before the suing out of the original writ by the plaintiff,” which could not be good unless such receipt did impose an immediate accountability. The many decisions in equity, where, professing to act in analogy to the statute, the Courts refuse to carry an account of rents and profits further back than to six years before the filing of the bill, are strong indications that the action of account rendered could not be sustained for rents antecedently received. The
 
 exception
 
 in the statute, of accounts between merchant and merchant, would have been unnecessary, if, in
 
 dll
 
 cases of confidential dealings, the statute did not commence until the connection had ceased, or a demand of account refused. All the evils intended to be remedied by the enactment — such as the loss of vouchers or other proofs in discharge — would be left in full operation, if time had no effect to cure them. Where one of two tenants in common takes the whole of the annual issues to himself, we hold that his companion has, thereupon, a right to an account for his share — and that the statute of limitations will bar the assertion of this right, unless it be made within the time declared by the statute.
 

 It is, however, further insisted on the part of the plaintiff, that he had a right to the entire account demanded, because the defendant had, within three years before the filing of this bill,
 
 promised
 
 and undertaken to render such an account. We have met with no authority to shew, and on principle we are not disposed to believe, that a
 
 promise
 
 will take any action out of the operation of the Statute of limitations, but an action
 
 founded on promise
 
 s — -the action of assumpsit. See,
 
 A'Court
 
 v.
 
 Cross,
 
 11 E. C. L. Rep. 124.
 
 Governor
 
 v.
 
 Hanrahan,
 
 4 Hawks 44.
 
 Morrison
 
 v.
 
 Morrison,
 
 3 Dev. 402. If the assertion of the
 
 *5
 
 present claim had been postponed in consequence of an agreement founded upon that promise, so as to make out a case of
 
 fraud,
 
 and thereby raise for the plaintiff an
 
 equity to
 
 the account, to which, but for the success of .the fraud, he would have asserted his legal title, then the part of the decretal order complained of might be unobjectionable. But we deem it unnecessary to enquire very particularly into the effect of such a promise, because none such is
 
 proved
 
 in this case, To the allegations in the bill of a promise and of the facts from which it could be inferred, the defendant has returned an
 
 explicit, full
 
 and
 
 positive
 
 denial on his oath. The only witness, whose testimony may be said tb conflict with .this denial, is David J. Young. He states, that at the time of the division in December, 1828, he, as the ag.ent of the plaintiff,
 
 proposed to
 
 the defendant to leave
 
 all matters
 
 in dispute between them to reference, and that, among other things, the balance
 
 of
 
 rents of the plaintiff’s share in the land was expressly stated — that the defendant agreed to the proposal and “
 
 mentioned something of the terms”
 
 — that the witness, as agent of the plaintiff,
 
 understood
 
 such an agreement to be made, and
 
 believes
 
 that the defendant so understood it;
 
 soon
 
 afterwards, the witness called on the defendant for the purpose of entering into bonds and choosing arbitrators, when the defendant said he would not leave it to arbitration ; that the improvements, which he had made, were more than equal to the rents, and that he would not give up the land to the plaintiff Three other witnesses present on the same occasion have been examined. one of whom (Ellickson) represents that there was a long
 
 debate,
 
 which we understand as meaning an angry controversy, between the defendant and Young, and that he
 
 thinks
 
 the conclusion was to leave the matters in controversy (but does not state what
 
 these
 
 were) to arbritration. The other two, Jones and Amis, express their belief' that
 
 no
 
 agreement took place, and say that they understood the
 
 proposition
 
 of Mr. Young not to extend to the
 
 *6
 
 rents, but only to tbe land claimed'for tbe plaintiff. We do not bold ourselves justified upon this testimony, in opposition to the defendant’s answer, to pronounce that
 
 any
 
 agreement to refer was made, much less that there was a well understood agreement to refer the question of rents — and still less an agreement to leave to the arbitrators the mere question of the
 
 amount
 
 due, thereby distinctly admitting an existing
 
 liability,
 
 and amounting to
 
 & promise
 
 to account for the excess received.
 

 The exceptions filed by the defendant to the commissioner’s report, have also been heard and argued. The two first exceptions are in substance a repetition of the objection taken to the decretal order upon the re-hearing, and for the reasons above stated are sustained and allowed. The last
 
 exception
 
 objects to interest upon the rents. This is sustained as to the interest accrued before the filing of the bill, and overruled as to that accrued since. ■ We are governed in this by analogy to the rule, which prevails at law on a promise to pay money on demand. A previous request is not necessary to the bringing of the action — but interest will not be allowed for detention of the money, until after a demand or suit instituted.
 

 The account which has been taken is to be reformed pursuantly to this opinion, and the complainant is to have a decree for the balance with costs.
 

 Per Curiam.
 

 Decree accordingly.