The executor of Daniel Wynns proves that, at the time of his death, the legatee was a small girl, and continued to live with her mother, to whom he delivered the negroes Hannah and Bryant, as the property of her daughter Peggy. Under the will, therefore, and the assent of the executor, the absolute title to Bryant vested in Peggy Wynns, and upon her intermarriage with William Northcot, in him. The boy passed into the possession of the latter, and remained so to the time of his death. No creditors of William Northcot are contesting the right of the plaintiff, and more than two years have elapsed since his death. Casper, the defendant, took possession upon his intermarriage with the mother of the plaintiff; and the latter did not come of age until January, 1842. The plaintiff and his mother were tenants in (314) common of the boy Bryant; the former entitled under the act of '48, ch. 204, sec. 8, to two-thirds of his value and the latter to one-third. Upon the marriage of the defendant with the widow, he succeeded to her rights in Bryant, and no more, and became tenant in common of him with the plaintiff. The defendant, however, insists that the long time he has been in possession — upwards of twenty years — will bar the plaintiff's recovery. It is true that long exclusive possession by one tenant in common of a slave becomes evidence of a title to such sole possession, of an actual ouster; and this presumption is made for the purpose of quieting men's titles. But it cannot arise when the party claiming is under an inability to sue. In Thomas v. Garvin, 15 N.C. 223, it was decided that in the case of realty the presumption did not arise, where the plaintiff was a feme covert, until twenty years peaceable possession after her discoverture. Here the plaintiff was under the disability of infancy up to January, 1841; and therefore the presumption could not arise. The defendant further insists that more than three years have passed since the plaintiff came of age and before the filing of the bill, and he is therefore barred. It has been repeatedly decided that the statute of 1715 applies to actions at law and not to suits in equity; yet it is the duty of equity to obey the legislative will as much as a court of law. *Page 227 
When, therefore, a plaintiff seeks relief from a court of equity in a matter cognizable at law, the statute is a bar. Bell v. Beeman, 7 N.C. 139
The plaintiff's claim is one of which a court of law has jurisdiction in an action of account. By the act of 1715, actions of accounts rendered must be brought within three years next after the cause of action accrued. So far as the defense rests upon this point, it is important to ascertain when the cause of action did accrue. The action did not lie at common law, by one tenant in common against another (Coke Lit., 200), but was first given by the statute of 4 Anne, ch. 16, sec. 27, to recover against his cotenant as bailiff. The statute of James makes six (315) years, and the act of 1715 three; but none of those acts tell us when the cause of action arises, and we are left to general principles to assist us. The statute of Anne makes the tenant in common responsible to his cotenant as a bailiff, not for the whole of what he has received in rents and profits, but only for so much as he has received over and above his own share. As tenant in common he has been guilty of no wrong in receiving the whole; he had a right to do so. His tort consists in not accounting with his cotenant — not in neglecting or omitting, but in refusing. A bailiff is but an agent, and in an action against an agent for not accounting, a request to account and pay over must be stated in the declaration. 1 Cr. Pl., 363; Toppam v. Braddick, 1 Taunt., 576. To the same effect are the precedents in 1 Ch. Pl., 1207; the request is laid specially, and is as follows: "And although the said defendant during the time aforesaid, at, etc., aforesaid, received more than her just share and proportion of the rents, issues, and profits of the said tenements with the appurtenances and the said plaintiff's share thereof, that is to say, etc.; yet the said defendant, although she was afterwards, towit, on etc., at etc., aforesaid, requested by the said plaintiffs so to do," etc. This is a material averment, and must, of course, be proved, for it is a condition precedent to the plaintiff's right of recovery. Until the demand and refusal the defendant is not in fault; the refusal puts him in the wrong and entitles to an action. No demand was made to put the statute in motion. I am aware that when Wagstaff v. Smith, was, a second time, before this Court at December Term, 1833, 39 N.C. 1, his Honor,Judge Gaston, in delivering the opinion of the Court, stated that a demand was not necessary to enable the tenant to recover from his cotenant his portion of the rents and profits; that although the receipt of the profits is no ouster, it imposes upon the receiver an (316) immediate accountability, and that the wording of the statute is decisive that the action lies while the relation of a common holding exists. Of the latter part of this proposition, I think there can be no doubt; but I do not agree that no demand is necessary. This proposition is founded by him on Godfrey v. Saunders, 3 Wil., 74. In that case the declaration *Page 228 
says the demand, with licet saepius requisitus. And it is an established principle, says his Honor, when a demand is so laid, it is not traversable. This is true; and it is not a little remarkable that it should have escaped his acute mind that the action was between a merchant and his bailiff or factor, which is within the exception to the proviso in the act. The second plea of the defendant was, "That the account doth not concern trade and merchandise." Upon which issue was taken and by the jury found in favor of the plaintiff. That case was within the exception in the statute, and the act did not apply to it. The case then before the Court, and the present one, are within the enactment of the statute; and the precedent from 2 Ch. Pl. relates to actions between tenants in common under the statute of 4 Anne. When, therefore, one tenant in common receives all the profits, that part which is over and above what he is entitled to is received by him as bailiff of his cotenant, and for which he is bound to account at any time during the existence of his cotenancy. But to entitle the cotenant to his action of account, a demand must be made; otherwise, the action cannot be maintained until the destruction of the cotenancy; and the statute begins to run only from the one period or the other. In this case the joint tenancy still continues and no demand has been made. I am of opinion that the plaintiff is entitled to the relief he seeks; that the negro Bryant ought to be sold and that the plaintiff must receive two-thirds of his value; and the defendant is bound to account for the hires and profits received by him in the (317) same proportion since he has had possession. There ought to be a reference to the master to ascertain the hires of Bryant since he has been in the possession of the defendant, and, if the latter requires it, of the cost of clothing and boarding the plaintiff until he arrived at the age of 21, and the value of his services to the defendant for the same period.