Ruffin, C. J.
 

 When a Court of Equity orders a sale of the real estate of an infant, in order to raise money for a particular purpose, it would not, upon its own principles and independent of any provision by statute, allow its decree to affect the right of succession to a surplus remaining after answering that purpose. Themoney stands for the land, of which it was the proceeds. That principle, however, has been rendered yet more obligatory by the legislative sanction in the acts of 1812, 1818, and 1827. Rev. Stat. ch. 54, secs. 36, 27, and ch. 85, secs. 7, 8. Accordingly, it has been held, that, when the owner died without having capacity to dispose of the fund, it was to be regarded as land, in respect to the right of succession.
 
 Scull
 
 v.
 
 Jernigan,
 
 2 Dev. and Bat. Eq. 144 ;
 
 Gillespie
 
 v.
 
 Foy,
 
 5 Ired. Eq. 280. Those cases show also, that the receipt of the money by the infant’s guardian makes no difference. The acts of that person, or the dealings between him and the infant’s administrator, can*
 
 *526
 
 not change the equitable nature of the fund, so as to disturb the rights of the heirs at law. The interest, indeed, which accrued during the infant’s life, is personalty, as the profits of the land during that period would have been. But the capital and the interest thereon since her death belong to the heirs at law.
 

 Per Curiam.
 

 Decree accordingly.