ERVIN MEDLIN v. W. C. STEELE.

A contract between tenants in common for the partition of lands, is a contract concerning realty, within the purview of the statute of Frauds, Bat. Rev., chap. 50, sec. 10: and in order to be valid must be in writing, and signed by the party to be charged, &c.

Where A and B, tenants in common, agreed to make partition of lands and fix the boundaries, and A agreed that B should occupy the whole and pay to him a portion of the crop raised thereon: *It was held,* that although this was valid as an agreement for a year, it did not constitute a lease, so as to create the relation of landlord and tenant, under chap. 64, Bat. Rev., between the parties.

(The case of *Anders* v. *Anders,* 3 Dev. 529, cited and approved.)

SUMMARY PROCEEDING, in the nature of *Ejectment,* under the Landlord and Tenact Act, heard before BUXTON, J., at

Spring Term, 1876, of UNION Superior Court, upon appeal from a Court of a Justice of the Peace.

The facts necessary to an understanding of the case as decided are stated in the opinion of the Court.

There was judgment for the plaintiff and the defendant appealed.

*Wilson & Son,* for appellant.
*Dowd,* contra.

RODMAN, J. This action was commenced before a Justice of the Peace under sec. 19, &c., of the Landlord and Tenant Act, Bat. Rev., chap. 64. This section says in substance : Sec. 19. Any lessee who shall continue in possession of the demised premises without permission of the landlord, *may be removed* as hereinafter prescribed.

1. When his time has expired, &c. Sec. 20 gives jurisdiction in such cases to a Justice of the Peace, on application by the lessor or his assigns. In the present case the defendant and his brother, J. C. Steele, were tenants in common of a piece of land, each being entitled to an undivided half. In the Spring of 1874 the co-tenants ran and marked a division line between them, but no writing was entered into. It was orally agreed between them that defendant should remain in possession of the whole land and pay to J. C. Steele one-fourth part of the crop which he should raise on the share orally assigned and laid off to J. C. Steele, as aforesaid. The defendant accordingly remained in possession of the whole land until March, 1875, when he surrendered possession of all but a small part of it to the plaintiff. On the 23d of March, 1874, J. C. Steele sold and conveyed the share of the land laid off to him as aforesaid to the plaintiff. The plaintiff had judgment in the Superior Court and the defendant appealed to this Court.

The first question is as to the effect of the oral partition

between the two brothers. By section 10 of the well known statute of Frauds, Bat. Rev., chap. 50, " all contracts to sell or convey any lands, tenements or heriditaments, or any interest in or concerning them, shall be void and of no effect unless such contract, or some memorandum or note thereof, shall be put in writing and signed by the party to be charged therewith," &c. A partition of lands clearly comes within this Act and the oral partition was, therefore, void for the purpose of conveying to either a separate estate in the share assigned to him. Browne on Stat. Frauds, secs. 68, 70 ; *Anders* v. *Anders*, 3 Dev., 529.

This being so, the subsequent agreement by which the defendant was to occupy the whole, and pay to his brother a portion of the crop raised on it, although valid as agreement for a year, was not *a lease*, and did not constitute, between J. C. Steele and the defendant, the relation of landlord and tenant. In Taylor on Landlord and Tenant, sec. 115, it is said : " One joint tenant or tenant in common *may make a lease* of his part to his companion, and this gives him a right of taking the whole profits, when before he had but a right to the moiety thereof; he may contract with his companion for that purpose as well as with a stranger." This learned writer probably did not mean here to use the word "lease" with technical accuracy ; for the authorities he cites do not support that proposition. The rest of his doctrine is unquestioned. It would seem to be necessary in order to constitute the relation of landlord and tenant, that the one should take or hold possession by the authority or under the title of the other. But a tenant, in common, is entitled, by force of his own estate, to the possession of the whole land in common with his co-tenant. At all events, it is clear upon the language of the Landlord and Tenant Act, above cited, that no person is regarded as a tenant within the provisions of that Act, who cannot be rightfully removed from the possession, which a tenant in

common cannot be ; and no person as a landlord, who cannot be put in the exclusive possession as against the tenant. Of course there may be several landlords entitled to a joint or common possession between themselves. We are of opinion, therefore, that a Justice of the Peace had no jurisdiction of the action.

What may be the legal effect of the deed from J. C Steele to the plaintiff, and what is the plaintiff's remedy, are questions not presented in this case.

PER CURIAM. Judgment reversed, and action dismissed for want of jurisdiction.