State on the relation of EMMA B. LAFFERTY and her husband, J. S. LAFFERTY, v. JOSEPH YOUNG, Executor of D. G. Holbrooks, JOSEPH YOUNG and R. R. HOL-
BROOKS.

(Decided November 28, 1899.)

*Proceeds of Land Sale—Really—Administration Bond—*
*Liability—Statute of Limitations.*

1. Money applied for by an administrator and paid to him as such, is received under color of his office and is covered by his bond.

2. Rents and profits of land, as well as proceeds of sale, the administrator is accountable for, if received by him, although, in fact, personalty, such fund is stamped with the character of realty, to indicate the channel in which it shall go.

3. The statute of limitations is not available as a defense, when a female plaintiff was a minor at her marriage, and has remained under coverture ever since.    The recent statute, Act 1899, chap. 78, does not apply to pending suits, and provides that the time elapsing before its passage can not be counted against a married woman.

4. The party entitled to the fund is the right one to sue for it. *Allison v. Robinson,* 78 N. C., 227.

LAFFERTY v. YOUNG.

CIVIL ACTION on the administration bond of D. G. Holbrooks, administrator of Harriet N. Holbrooks, his wife. D. G. Holbrooks having died, his executor, Joseph Young, is made a party-defendant. The cause was heard before *Robinson, J.*, at October Term, 1899, of the Superior Court of CABARRUS County.

The complaint alleged that there was a fund in the office of the Superior Court Clerk which belonged to plaintiff's mother, Harriet N. Holbrooks, at the time of her death; that her husband, D. G. Holbrooks, took out letters upon the estate of his wife, and under order of court, the Clerk paid to him the money, which he appropriated to his own use, being $1,166.66, less $75 allowed the Clerk.

The fund was derived from the sale of land sold by the Clerk and Master in Equity, and turned over to the Clerk for investment; the interest to be paid to one Elizabeth J. Allison for life, and the principal at her death, to belong to Silas Young Allison, the first husband of Harriet N. Holbrooks, to whom at his death he devised his interest in the fund. Elizabeth J. Allison is also dead. The plaintiff Emma B. Lafferty (formerly Holbrooks), is the only child and heir at law of Harriet N. Holbrooks, and her contention is, that the fund being derived from the judicial sale of land is realty, and that as heir of her mother, she is entitled to receive it, and is entitled to hold the administration bond of D. G. Holbrooks responsible for it.

His Honor ruled otherwise, and intimated that in no aspect of the evidence could the plaintiff recover, and in deference to this intimation of the Court, the plaintiff excepted, submitted to a nonsuit, and appealed to the Supreme Court.

*Messrs. Osborne, Maxwell & Keerans,* and *M. H. Caldwell* for appellant.

*Montgomery & Crowell* and *W. G. Means,* for appellees.

CLARK, J.   The administrator of Harriet N. Holbrooks, D. G. Holbrooks, whose executor, and the sureties upon whose administration bond, are defendants in this action, filed an *ex parte* petition in the Superior Court at the November Term, 1885, asking that a certain fund then in the Clerk's office be turned over to him.   The Judge of said court made a decree that "said fund should go in the proper course of administration or distribution of the estate of said H. N. Holbrooks, deceased," and on motion of the attorney for such administrator it was ordered that the Clerk "pay over to D. G. Holbrooks, administrator, as aforesaid, the said fund described in the pleadings," and it was further ordered that the fund "be retained by the administrator until all parties, who are interested in the fund, shall be notified of this proceeding and no disposition of the fund by the administrator is to be made till this is done."   This last order was not complied with, and it now turns out that said fund was in fact real assets and belonged to the plaintiff as heir at law of Harriet N. Holbrooks.   Consequently, the order of the Court adjudging it to be assets to go in course of administration or distribution, and that the Clerk pay the same to the defendant Young's testator, "as administrator," was erroneous.   The sureties to the administrator contend that, therefore, they are not responsible for the safe-keeping of the same.

The administration was taken out only a few days before the above order was made, the amount of the bond was exactly double this fund, and no other fund ever came into the hands of the administrator.   It would seem that the bond was given for the custody of this very fund.   But, however that may be, the fund was paid over to the administrator, *as administrator,* and if he had objected to being charged therewith he should have appealed.   On the contrary, he asked that the fund be turned over to him as administrator; it was

adjudged personal assets, and to be turned over to him, and he became bound by such order, and his sureties are bound with him by virtue of the bond they gave. The Code, sec. 1388, requires such bonds to be conditioned that the administrator shall "faithfully execute the trust reposed in him, and obey all lawful orders of the Clerk of Court touching the administration of the estate committed to him." The bond actually given does not exactly follow the words of the statute, but is in effect to the same purport. The sureties were responsible by the words of the bond given by them that the administrator "should faithfully execute the trust reposed in him and obey all lawful orders of the Clerk of the Superior Court, touching the administration of the estate committed to him."

.The administrator did not faithfully execute the trust committed to him but converted the fund to his own use. He made no returns, as required by law, nor did he obey the order to keep the fund till all parties in interest should be notified. Had the fund been turned over to him individually, as a trustee, the sureties would not have been bound. But it was paid to him as administrator; it was adjudged assets to go in administration or distribution; it was applied for by him and received as such. It is too late for his representative or his bondsmen to say that the order was erroneous. "All moneys received under color of official authority are covered by the bond." *Clark v. Fredenburg,* 43 Mich., 263; *Batrell v. Richards,* 83 Tex., 505. In *Jennings v. Copeland,* 90 N. C., 579, it is held that the rents of land during the years in which the administrator has taken it in charge were amounts for which he is accountable, as well as the proceeds of sale, and in *Shuffler v. Turner,* 111 N. C., 297, it is held that the administrator is liable for the rents and profits when he receives them.

The fund, in fact, was personalty, money.   Being the proceeds of realty, the law for the purpose of indicating the channel in which it shall go, by a fiction, stamps it with the character of realty.   But when the Court decreed it to be personalty and the administrator acquiescing therein, received it as such, he and his sureties became liable, by the terms of their bond, for the safe keeping of the same, and for obedience to the orders of the Court concerning its disposition.

The statute of limitations does not apply, as the plaintiff was a minor at her marriage, and has remained under coverture ever since.   The Code, secs. 163, 164.   The recent statute, chap. 78, Laws 1899, repealing coverture as one of the bars upon the running of the statute of limitations, provides that the time elapsing before its passage can not be counted against a married woman, in actions of ejectment and in other actions (of which this is one) it shall not apply to actions pending at its passage.

The only other point, whether the plaintiff can bring this action or should it be brought by an administrator d. b. n., is settled in favor of the plaintiff.   *Allison v. Robinson,* 78 N. C., at pages 227, 228, cited with approval in *Alexander v. Wolfe,* 83 N. C., 273, and *March v. Berrier,* 41 N. C., 524.