FRANK M. LEWIS v. RICHARD A. LEWIS.

(Filed 6 October, 1926.)

1. **Limitations of Actions—Evidence—Adverse Possession—Wills.**

   Where the father has put his two sons in possession of his lands, allotting to each a definite portion, evidence in behalf of one that the land was a gift from their father, and that he had held his portion so allotted adversely for twenty years, is competent upon the question of his title as against a contrary disposition of the lands by will of the deceased father.

2. **Appeal and Error—Instructions—Presumptions.**

   Where the charge of the court is not set forth in the record on appeal, it will be presumed to have been correctly given.

CIVIL ACTION before *Nunn, J.,* and a jury, at Spring Term, 1926, of PAMLICO.

Elijah Lewis, father of the plaintiff and the defendant, owned about fifty acres of land. Plaintiff alleges that in 1882 the said Elijah Lewis divided said land among his children, including the plaintiff and the defendant, and put the plaintiff in possession of the land in controversy, and the plaintiff, under said oral partition of land, has been in full possession and control of said land since 1882, and holds the same and has held the same since said date adversely. The defendant at the same time was put in possession of another parcel of said land. Elijah Lewis, father of the plaintiff and the defendant, left a last will and testament, making a different division of said land from the oral partition referred to, but this will was not probated until after a controversy arose between the parties, to wit, on 20 November, 1922. The defendant denied the

possession and ownership of the plaintiff. The question was submitted to a jury, and the jury found in favor of the plaintiff.

From judgment on the verdict the defendant appealed.

*F. C. Brinson, Ward & Ward for plaintiff.*
*Z. V. Rawls for defendant.*

PER CURIAM. The defendant objected to parol testimony of possession of the land in controversy by the plaintiff on the ground that it contradicted the will. It will be observed, however, that there was evidence tending to show that the parties were put in possession of their respective interests in said land by Elijah Lewis, the father, in 1882, and that the plaintiff therefore claims title under said oral partition and continuous adverse possession of said premises since said time. "A parol partition of land is not void but merely voidable, . . . and any evidence is admissible which tends to show either ratification of the partition or conduct from which the parties seeking to disregard it are held to be estopped in so doing." *Collier v. Paper Corporation,* 172 N. C., 74.

If a parol partition is made between tenants in common, and they severally take possession, each of his or her part, so allotted, and continue in the sole and exclusive possession since the allotment for a period of twenty years without the assertion of any claims or demands for rents, issues, or benefits by any of said tenants upon the others, but each recognizing the other's possession to be of right and hostile, the law will presume an actual ouster and a supervening adverse possession. *Rhea v. Craig,* 141 N. C., 602.

Under such circumstances parol evidence is permissible to show the facts constituting the possession, manner of acquiring it, and the length of time the possession has existed.

The defendant further excepts to a letter which was written by him to his brother, the plaintiff in this action, on 13 September, 1920. In this letter was the following statement: "You know that you have always had the privilege of it (the land in controversy) to suit yourself." The defendant contends that the letter was an offer of compromise. We do not so interpret it; but, even if it was an offer of compromise, the statement in the letter referred to is the distinct admission of an independent fact recognizing the possession of the plaintiff, and this independent fact is competent. *Baynes v. Harris,* 160 N. C., 307; *Montgomery v. Lewis,* 187 N. C., 577.

There was sufficient evidence upon the question to be submitted to the jury. The entire charge of the court is not in the record, and it must therefore be assumed that it was correct upon the question of possession and the effect of the will.

No error.