T. C. PARHAM v. C. F. HENLEY AND WIFE, CATTIE HENLEY; W. H. HENLEY AND WIFE, MAUDE HENLEY; O. L. HENLEY AND WIFE, EDNA HENLEY; MRS. BESSIE PURVIS AND HUSBAND, F. F. PURVIS; MRS. EVA INMAN AND HUSBAND, JOE INMAN; MRS. HELEN TROLLINGER AND HUSBAND, JOHN W. TROLLINGER; MRS. ADA RATLEY AND MRS. EMMA E. WASHBURN AND JOHN DOE, HER HUSBAND, IF ANY, AND HER DEVISEES AND HEIRS AT LAW, AND REPRESENTATIVES, IF SHE BE DECEASED; ELIZABETH PARHAM CREECH AND HUSBAND, E. B. CREECH; WILLIE DELL PARHAM ADAMS AND HUSBAND, DALLAS ADAMS, AND T. C. PARHAM, JR.

(Filed 2 June, 1944.)

**1. Adverse Possession § 4a—**

The possession of one tenant in common is the possession of all his cotenants unless and until there has been an actual ouster or sole adverse possession for twenty years. G. S., 1-40.

**2. Estates § 9a—**

Where a deed to lands creates an active trust for the benefit of the grantor for life and at his death the trustee, after payment of his debts, is empowered to sell the remaining property and divide the proceeds among named remaindermen, any proceeds of such realty sold will be stamped with the character of realty in determining the relationship between such remaindermen. And such equitable remaindermen are tenants in common, the remainder vesting absolutely in them upon the death of the grantor.

**3. Curtesy § 1—**

When a married woman, who is one of several owners of an equitable remainder in lands, has children, her husband as father of such children acquires an estate by the curtesy initiate in his wife's interest therein and, upon her death intestate, an estate by the curtesy consummate.

APPEAL by plaintiff from *Carr, J.,* at October Civil Term, 1943, of ORANGE.

Civil action to have trust deed canceled of record and removed as cloud upon plaintiff's title.

From the admission in the pleadings and the evidence offered on the trial these pertinent facts are shown in the record:

1. On 20 April, 1933, J. K. Reynolds, being the owner of a certain tract of land in Orange County, North Carolina, which he had acquired in the year 1921, executed and acknowledged a deed to Eliza Parham, Trustee, which was filed for record in the office of the Register of Deeds of Orange County, 9 February, 1934. The description of real estate contained in this deed covered certain hotel property and lots in the State of Florida, and concluded with these words, "together with all other pieces or parcels or interest in or to real estate to which I am now seized or in which I now hold an interest." And it also contained these provisions:

"To have and to hold the same unto the said Mrs. Eliza Parham, party of the second part herein as Trustee, but not individually, as hereinafter set forth. During the lifetime of the grantor herein, J. K. Reynolds, the said Mrs. Eliza Parham as trustee as above set forth, to have the absolute custody and control of the property herein mentioned with power to sell, manage or dispose of in any manner as in her judgment shall be best, the proceeds of which from either rentals, sales or from any other manner derived from the said property to be used for the care, support and as the property of the said J. K. Reynolds, and upon the death of the said J. K. Reynolds, the grantor herein, and the payment of his just debts and funeral expenses, the said Trustee hereinbefore mentioned shall have the power and authority as said Trustee to sell and dispose of any part or all of the said property hereinbefore conveyed, then remaining in her hands as Trustee, and shall divide equally the proceeds from the said sale of such property as then remains, among the said C. F. Henley, W. H. Henley, Mrs. Eliza Parham, O. L. Henley, Mrs. Bessie Purvis, Mrs. Ada Ratley, Mrs. Eva Inman, Mrs. Helen Trollinger and Mrs. Emma E. Washburn in equal parts or portions, share and share alike.

"The purpose of this indenture being to secure to the grantor herein the income and revenue or proceeds of sale of above described property for and during his lifetime and to permit the said Trustee to administer and control the said property to the best of her knowledge and ability toward that purpose and after the death of said grantor to assure and secure a legal and equitable division between the other parties hereinbefore named.

"The said Mrs. Eliza Parham, the Trustee hereinbefore named, is hereby specifically given and empowered with full and complete power and right to at any time sell, assign, transfer, mortgage, incumber, lease or sublet for any term of years, any or all of said property should the same be in her opinion for the best interest of the said estate or the said

PARHAM *v.* HENLEY.

grantor herein, and shall especially have power and authority to lease or sub-let any part or all of the said premises for a term of years which in her opinion shall be best for the said estate of the said grantor herein."

2. After the trust deed was executed, J. K. Reynolds, who was then in Florida, sent for T. M. Armstrong, who was looking after the Orange County farm, and told him that he had appointed Mrs. Parham trustee of his property and Armstrong saw the said deed, and he continued to look after the land.

3. The *cestuis que trustent* in said deed, except Eliza Parham, are defendants in this action. Eliza Parham died 8 July, 1936, survived by her husband, the plaintiff, and three children, two daughters and a son, who are defendants in this action—the oldest born 28 January, 1908, the next 13 November, 1913, and the youngest 30 August, 1921. There has been no administration upon her estate, nor has there been a successor trustee appointed.

4. On 28 June, 1934, after the trust deed above referred to had been executed and registered in Orange County, J. K. Reynolds executed a general warranty deed to plaintiff, T. C. Parham, who was the husband of said Eliza Parham, purporting to convey to him by specific description the said Orange County tract of land. The recited consideration is $100.00, and an agreement upon the part of Parham to care for the grantor in manner specified. This deed was acknowledged on 28 June, 1934, and registered 2 July, 1934.

5. After the deed from J. K. Reynolds was executed in 1934, plaintiff, who resided in Robeson County, North Carolina, notified Armstrong that the place had been deeded to him, and undertook to sell it to him, and exercised other acts of ownership over the farm, and Armstrong continued in possession through the year 1940, since which time S. E. Teer has rented it from plaintiff.

6. J. K. Reynolds died on 8 November, 1936. Original summons in this action was issued 10 April, 1943, and served on original defendants. By order dated 23 July, 1943, the children of Eliza Parham were made parties defendant and served with summons dated 24 July, 1943.

There was judgment as of nonsuit at the close of plaintiff's evidence, and he appeals to Supreme Court and assigns error.

*Louis C. Allen for plaintiff, appellant.*
*Graham & Eskridge for defendants, appellees.*

WINBORNE, J. The sole argument and contention of appellant on this appeal is that there is error in the judgment as of nonsuit from which the appeal is taken in that he has ripened title to the land in question by seven years adverse possession under color of title. G. S., 1-38. In

the light of the relationship of the parties as to the property involved, we are unable to agree that there is error. The statute relating to seven years adverse possession under color of title is inapplicable. Twenty years adverse possession would be necessary. G. S., 1-40. *Winstead v. Woolard,* 223 N. C., 814, 28 S. E. (2d), 507.

First: The deed from J. K. Reynolds to Mrs. Eliza Parham, Trustee, creates an active trust, *Fisher v. Fisher,* 218 N. C., 42, 9 S. E. (2d), 493; *Deal v. Trust Co.,* 218 N. C., 483, 11 S. E. (2d), 464. J. K. Reynolds is the beneficiary of the trust during his lifetime, and at his death, Mrs. Eliza Parham, individually, C. F. Henley, and the others named, are to take as the ultimate beneficiaries or remaindermen, share and share alike. Compare *Pritchard v. Williams,* 175 N. C., 319, 95 S. E., 570. While it is provided that upon the death of J. K. Reynolds, and the payment of his just debts and funeral expenses, the trustee shall have power to sell any of the property conveyed then remaining in her hands as trustee and shall divide the proceeds among the named remaindermen, any proceeds of the realty will be stamped under the law with the character of realty in determining the relationship between such remaindermen. *Lafferty v. Young,* 125 N. C., 296, 34 S. E., 444; *Linker v. Linker,* 213 N. C., 351, 196 S. E., 329. The remaindermen take severally "share and share alike." Thus as respects the equitable remainder in the realty conveyed, the deed created in and among them the relation of tenants in common. This remainder vested absolutely in them upon the death of J. K. Reynolds on 8 November, 1936.

Second: At the time J. K. Reynolds executed the deed to Mrs. Eliza Parham, Trustee, she was the wife of the plaintiff and to their union three children had been born alive, and were then living. Hence, under the law the plaintiff as the husband of Mrs. Parham acquired under said deed a right of curtesy initiate in that portion of the proceeds of the sale of real property covered by the deed of trust to which his wife would be entitled. This was his relationship to the property at the time the deed was made to him by J. K. Reynolds on 28 June, 1934, and upon the death of his wife on 8 July, 1936, this right became an estate by the curtesy consummate. Thereafter he and his children stood in relation to such portion of the proceeds of the realty in the place and stead of his deceased wife, that is, as tenants in common with the other named remaindermen, and the right to receive and possess it became absolute upon the death of J. K. Reynolds. Therefore, as against the remaindermen as tenants in common twenty years adverse possession would have been necessary to ripen title in plaintiff. *Winstead v. Woolard, supra.* If it be conceded that the acts of ownership of the plaintiff, and his exercise of control over the property in question constituted

adverse possession, which it is unnecessary to decide, the time elapsing before the institution of this action is inadequate.

Hence, the judgment below is

Affirmed.