ELIZA H. DUCKETT v. R. L. HARRISON (AND DORA HARRISON AND LILLIE HARRISON, ADDITIONAL PARTIES DEFENDANT).

(Filed 27 February, 1952.)

**1. Partition § 6: Adverse Possession § 4a: Frauds, Statute of, § 9—**

A parol partition among tenants in common comes within the statute of frauds and may not be enforced unless each tenant goes into possession of his share in accordance with the agreement and holds same under known and visible boundaries openly, notoriously and adversely for twenty years,

and a holding for a shorter period, even though the respective tenants collect the rents from and pay taxes upon their respective shares, does not alter this result or create an estoppel.

**2. Frauds, Statute of, § 4—**

The doctrine of part performance is not recognized in this jurisdiction.

APPEAL by defendant, R. L. Harrison, from *Rousseau, J.,* October Term, 1951, of CASWELL.

This is a proceeding for the partition of land. Eliza H. Duckett, the plaintiff, and the defendants, Dora Harrison and Lillie Harrison, are sisters, and the defendant, R. L. Harrison, is their half brother.

William S. Harrison (a whole brother of R. L. Harrison), devised the lands in controversy to R. L. Harrison and Dora Harrison. He also devised that portion of an eight acre tract of land known as the homeplace of T. S. Harrison, lying on the north side of the highway leading to Blanch, North Carolina, to R. L. Harrison, and that portion of the tract lying on the south side of the highway to Dora Harrison. Dora Harrison conveyed her portion of this tract to her sisters, Annie Harrison and Lillie Harrison, on 2 November, 1936. Thereafter, Annie Harrison died leaving a last will and testament in which she devised her interest in this tract of land to her sister, Lillie Harrison.

The tract in controversy was devised to R. L. Harrison and Dora Harrison as tenants in common and described as containing eighty acres, more or less, and being the tract of land acquired by the testator from R. L. Harrison. With respect to the division of this tract of land, the following language appears in the Seventh Item of the will of William S. Harrison: "It is my wish, and I so Will that in the division of the tract of land bequeathed as 'eighty acres,' more or less, acquired from Ro. L. Harrison, . . . due consideration be had as to the value of the part allotted to each R. L. Harrison and Dora Harrison, and that each of them may have the land most convenient to the dwelling houses herein bequeathed to them, trusting that they may arrange this between themselves in a satisfactory manner."

On 2 August, 1950, Dora Harrison, who is and was at the time an invalid, and Lillie Harrison, both of Danville, Virginia, for a consideration of $8,000, of which sum $1,000 was paid in cash and the balance to be paid in monthly installments of $100 each, executed a warranty deed to their sister Eliza H. Duckett of Alexandria, Virginia, for that portion of the eight acre tract of land devised to Dora Harrison, then owned by Lillie Harrison, and for a one-half undivided interest in the tract containing eighty acres, more or less. Thereafter, on 21 November, 1950, the plaintiff, Eliza H. Duckett, instituted this proceeding against the defendant, R. L. Harrison, for partition of the eighty acre tract of land.

The defendant, R. L. Harrison, set up a counterclaim in the nature of a cross-action against the plaintiff in his answer, alleging that an oral division of the land was made in 1934 and that each party entered into possession of their respective shares. It is admitted in plaintiff's reply that it was agreed between Dora Harrison and R. L. Harrison that the land should be divided in accordance with the will of William S. Harrison, and that three disinterested parties should be appointed to divide the same, but it is denied that a division was made according to the will and it is alleged in the reply that the plat made by a surveyor in 1950, showing a purported division of the land, was the first information that Dora Harrison had as to how the land was divided.

On motion of the defendant, R. L. Harrison, Dora Harrison and Lillie Harrison were made additional parties defendant. These additional defendants adopted as their own the petition and reply filed by the plaintiff.

The defendant, R. L. Harrison, assumed the burden of proving his cross-action. It was conceded by all parties that no deeds were executed between the tenants in common; that there is not now and never has been any writing in existence between R. L. Harrison and Dora Harrison as to the division of the land; and that no survey of the premises was made in 1934. According to the survey made in 1950, the tract of land actually contains 89.94 acres, and purports to show 44.97 acres allotted to R. L. Harrison, and 44.97 acres to Dora Harrison.

At the close of the evidence offered by the defendant, R. L. Harrison, the plaintiff moved for judgment as of nonsuit, and the motion was allowed. Whereupon, the court remanded the cause to the Clerk of the Superior Court of Caswell County and directed him to proceed in accordance with the petition of the plaintiff for a partition of the lands.

From the judgment entered below, the defendant, R. L. Harrison, appeals to the Supreme Court and assigns error.

*D. Emerson Scarborough for appellant, R. L. Harrison.*
*Sharp & Robinson and P. W. Glidewell, Sr., for plaintiff, appellee.*
*No counsel for appellees, Dora Harrison and Lillie Harrison.*

DENNY, J. In order for tenants in common to perfect title to the respective shares of land allotted to them by parol, it is necessary for them to go into possession of their respective shares in accordance with the agreement and to hold possession thereof under known and visible boundaries, consisting of lines plainly marked on the ground at the time of the partition, and to continue in possession openly, notoriously and adversely for twenty years. *Rhea v. Craig,* 141 N.C. 602, 54 S.E. 408; *Collier v. Paper Corp.,* 172 N.C. 74, 89 S.E. 1006; *Lewis v. Lewis,* 192 N.C. 267, 134 S.E. 486.

However, if prior to the expiration of the adverse possession for twenty years, the statute of frauds is invoked by one or more of the tenants in common, the parol partition may not be enforced. "It is well settled that a parol partition of lands is a contract within the purview of the statute of frauds, and is not binding." *Fort v. Allen,* 110 N.C. 183, 14 S.E. 685; *Medlin v. Steele,* 75 N.C. 154.

In the case of *Winstead v. Woolard,* 223 N.C. 814, 28 S.E. 2d 507, *Justice Winborne,* in speaking for the Court, said: "It is a well settled and long established principle of law in this State that the possession of one tenant in common is in law the possession of all his co-tenants unless and until there has been an actual ouster or a sole adverse possession of twenty years, receiving the rents and profits and claiming the land as his own from which actual ouster would be presumed," citing numerous authorities. See also *Parham v. Henley,* 224 N.C. 405, 30 S.E. 2d 372; *Hardy v. Mayo,* 224 N.C. 558, 31 S.E. 2d 748; *Whitehurst v. Hinton,* 230 N.C. 16, 51 S.E. 2d 899.

Moreover, adverse possession, even under color of title, will not ripen title as against a tenant in common under twenty years. *Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440; *Bradford v. Bank,* 182 N.C. 225, 108 S.E. 750.

Furthermore, if it be conceded, as contended by the defendant, R. L. Harrison, that there was a parol division of the lands in controversy in 1934 and that Dora Harrison entered into possession of the premises allotted to her, collected rents therefrom, paid the taxes thereon, this would not be sufficient to prevent the operation of the statute of frauds, since we do not recognize the doctrine of part performance in this jurisdiction, and twenty years have not elapsed since the defendant, R. L. Harrison, contends the property was divided. *Albea v. Griffin,* 22 N.C. 9; *Allen v. Chambers,* 39 N.C. 125; *Barnes v. Teague,* 54 N.C. 277; *Rhea v. Craig, supra; Ballard v. Boyette,* 171 N.C. 24, 86 S.E. 175; *Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331.

The case of *Thomas v. Conyers,* 198 N.C. 229, 151 S.E. 270, upon which the appellant is relying, is not controlling on the facts presented on this appeal. There, David E. Thomas, Sr., prior to his death on 27 January, 1925, joined by his wife, Emma C. Thomas, executed fourteen deeds of gift whereby he attempted to convey to his several children certain tracts or lots of land which he owned. None of the deeds was delivered prior to his death but all of them were kept in a lock box in a bank in Greensboro. David E. Thomas, Sr., left a will, and a few days after his death his executrices filed all the deeds for record in the office of the register of deeds and took them from the office after registration and delivered or mailed them to the several grantees. The children received these deeds and went into possession of the respective tracts therein described and immediately began to collect rents from the ten-

ants. About two years thereafter, one of the children instituted an action which involved the title to a parcel of the land described in one of the deeds in which she was the designated grantee. The court held that although the deeds were void, the fact that they were paper writings definitely describing the respective tracts of land set out by metes and bounds, and since the children retained the deeds, after the registration thereof by the executrices, and took possession of the parcels or tracts of land described in the respective deeds to them, paying taxes on their respective tracts or parcels of land, renting, leasing, and collecting rents from the respective tracts or parcels of land, and selling and conveying some of the parcels allotted to them, they had adopted, affirmed, ratified, and acquiesced in the parol partition and had each and all mutually estopped themselves from claiming any of the tracts or parcels of land described in any of the deeds in which any of the other children were named as grantees.

However, there is no deed or other writing involved in the present appeal describing the respective tracts of land alleged to have been allotted to R. L. Harrison and Dora Harrison which the parties have ratified and affirmed. Therefore, we find nothing in the record to sustain the doctrine of estoppel against either Dora Harrison or her successor in title, Eliza H. Duckett.

The judgment of the court below is

Affirmed.