Gaston, Judge.
 

 A proceeding for partition at law, cannot take place except there be a common possession, ami a common possession is always implied from a common title until the contrary be shown. But if an actual ouster be made by one tenant in common with his co-tenant, there is no longer a common possession, and the remedy is not by petition for partition, but by ejectment to recover possession of the individual moiety.--»
 
 *225
 
 The sole enjoyment of the property by one of the tenants is not of itself, an ouster, for his possession will be understood to be in conformity with right, and the possession of one tenant in common, as such, is in law the possession of all the tenants in common. But the sole enjoyment of property for a great number of years, without claim from another, having right and under no disability to assert it, becomes evidence of a title to such , . , i.,- . - .... sole enjoyment; and this not because it clearly proves the acquisition of such a right, but because from the an- . . . tiquity ot the transaction, clear proof cannot well be obtained to ascertain the'truth, and public policy forbids a possessor to bo disturbed by stale claims when the testimony to meet them cannot easily be hnd. Where the . „ . law prescribes no specific bar from length of time, twenty years have been regarded in this co untry as constitu
 
 í
 
 ing the period for a legal presumption of such facts as will sanction the possession and protect the posse
 
 s
 
 sor. We think the Judge who tried this cause was correct in charging the jury that the twenty-one years ex-elusive possession of the defendant, and her deceased husband, since the petitioner became discovert, did raise the legal presumption of an ouster; that the verdict of the jury, upon that instruction was right, and that there is no error in the judgment which was rendered against the petitioner.
 

 The sole on-j°yment °f tlle tenanMn
 
 yCom
 
 mon> is not of itself an ouster of his co-tenant, the Possess!on of one being the possession of all. But t1le S0J° elW~ mont for a great number of years, (sa7 s„x) claim from anothier having right, af d, .™cler, n0 disability, becomes evidence and raises the legal presumption of an oustor>
 

 The judgment of the court below, must be affirmed with costs.
 

 Per Curiam — Judgment ateirmed.