RUBY ELIZABETH McCANN v. JAMES WHARTON TRAVIS

No. 829SC877

(Filed 2 August 1983)

**Adverse Possession § 7— tenants in common—failure to prove possession for 20 years**

> Where plaintiff, as tenant in common with defendant, could show adverse possession for 10 years plus a few months at most, the evidence failed to contain facts justifying an award of title to plaintiff by adverse possession since, even under color of title, adverse possession will not ripen against a tenant in common short of 20 years.

APPEAL by defendant from *Jolly, Judge.* Judgment entered 30 January 1982 in Superior Court, VANCE County. Heard in the Court of Appeals 7 June 1983.

Plaintiff Ruby Elizabeth McCann instituted this action to quiet title to 4.16 acres conveyed to her by the heirs of Sabat T. Smith. Defendant James Wharton Travis claims title to the land pursuant to a deed from his father, J. B. Travis. Defendant's grandfather, W. G. Travis, and Sabat Smith were brother and sister. From a judgment finding that plaintiff adversely possessed the disputed land under color of title of 7 years, and that plaintiff was the fee simple owner, defendant appeals.

From stipulations before the referee and from deeds in exhibits, the following facts appear uncontested:

On 16 September 1885, 56.7 acres were conveyed to Benjamin Travis and his son, M. P. Travis. Later, M. P. Travis inherited Benjamin's part and became the common ancestor who owned the whole of the tract of land now in dispute. In 1900 M. P. died and was survived by his wife, Mary Anne Travis, and their five children, Polly Travis, Bennie Travis, W. G. Travis, Sabat Smith and Bettie Williams. By deed dated 18 August 1900, W. G. Travis conveyed his undivided one-fifth interest in his father's land to his mother, Mary Anne Travis. A plat, dated August 1900, and entitled "The Division of the Travis Land," shows 10-5/8 acres allotted to Sabat Smith, and 11 acres each allotted to Bettie Williams, Polly Travis, Bennie Travis and Mary Anne Travis. Bennie and Polly died prior to 1914 without being survived by lineal descendants or spouses. On 7 November 1914, Bettie Williams conveyed her undivided one-third interest in her father's land to her brother, W. G. Travis. W. G. conveyed 5 acres of land to his sister Sabat on 7 April 1917. In the same year Mary Anne Travis died and was survived by her children, W. G. Travis, Bettie Williams and Sabat Smith. On 14 May 1956 W. G. Travis conveyed two-thirds of his interest in his father's property, less the 5 acres previously conveyed to Sabat Smith, to his son, J. B. Travis. Included in the deed's description of this property was the following:

> "W. G. Travis was the son of M. P. Travis and at the death of Mary Anne Travis, the wife of M. P. Travis about 1917, the fifty-five acre tract of land, more or less, formerly owned by M. P. Travis, was inherited by Mrs. Sabat Smith, Mrs. Bettie T. Williams, and W. G. Travis, who employed Thomas Taylor to divide the fifty-five acre tract into three parts. Mrs. Sabat Smith drew the western share, W. G. Travis drew the center share and Bettie Williams the eastern share. W. G. Travis purchased from Bettie Williams her share and later conveyed 5 1/10 acres of his share to Mrs. Sabat Smith. It is the intention of this deed to transfer all right, title and interest now owned by W. G. Travis in the M. P. Travis land located in Dabney Township to the grantees named herein whether or not land is fully described above."

On 17 March 1967 the heirs of Sabat Smith conveyed 26.86 acres to plaintiff, Ruby Elizabeth McCann. The land described in this deed contained the 4.16 acres in dispute. The description also included a note indicating that Sabat Smith adversely possessed the land for more than 25 years prior to her death in 1948. The note referred to the deed and plat regarding 5.10 acres conveyed to Sabat Smith by W. G. Travis. In July 1976 a plat was made and labeled "Division of Travis Land." This plat contained the disputed tract of land labeled as the "James" tract. On 14 September 1976 J. B. Travis conveyed the disputed land to his son James Wharton Travis, the defendant herein.

The referee's report contains the following pertinent findings of fact and conclusions of law:

"12. That the Plaintiff has produced evidence tending to show use and occupation by herself and her predecessors in title during a period beginning not later than 1917, though not necessarily continuously since that time.

13. That the Plaintiff's evidence does not establish by the greater weight of the evidence that the occupation and use of the said disputed tract of land by herself and her predecessors in title has been exclusive and continuous for a period of at least twenty years.

14. That the Plaintiff has held the disputed tract of land under color of title for a period of at least seven years after March 17, 1967.

15. That the Plaintiff has shown, by the greater weight of the evidence, that during the period of seven years or longer during which she has held the disputed tract of land under color of title, her possession has been actual, open, notorious, exclusive, continuous and hostile.

16. That the Plaintiff has established by the greater weight of evidence, that her possession of the disputed tract as characterized above, has extended to a portion, but not all, of the tract in dispute.

17. That the Defendant has not shown use or possession by himself of the disputed property or any part thereof.

WHEREFORE, the undersigned referee has reached the following conclusions of law:

1. That, when claiming title by adverse possession under color of title, a showing that the claimant has adversely held a portion of the disputed premises is sufficient to establish adverse possession as to the whole.

2. That the Plaintiff has established fee simple title to the disputed tract of land through adverse possession under color of title for a period of seven years or more.

3. That any claim of title to the disputed tract of land the Defendant may have or may have had has been extinguished by the adverse possession of the Plaintiff."

Defendant excepted to Findings of Fact #14 through #17 and all the Conclusions of Law, and demanded a jury trial on the following issue: "Has the Plaintiff held the disputed tract of land for a period of time sufficient to grant her title to same under the doctrine of adverse possession?" However, prior to trial, both parties waived their right to a jury trial. After considering the referee's report, the transcript of the hearing before the referee and the exhibits, the trial court adopted the report as its own and adjudged plaintiff to be sole owner in fee simple of the disputed land. Defendant appeals.

*Bobby W. Rogers for plaintiff appellee.*

*Hight, Faulkner, Hight & Fleming by Henry W. Hight, Jr., for defendant appellant.*

BRASWELL, Judge.

The case turns upon two basic issues: (1) were the plaintiff and defendant tenants in common in the disputed property, and, if so, (2) did the plaintiff prove adverse possession for 20 years (and not 7 years under color of title)? We hold that the evidence requires an affirmative finding that the parties were tenants in common. We also hold under the evidence that the plaintiff has failed to prove adverse possession for 20 years. The application here of the doctrine of adverse possession for 7 years under color of title to a claim against tenants in common was erroneous. The judgment of the trial court for the plaintiff is reversed.

McCann v. Travis

The uncontroverted evidence shows that plaintiff and defendant owned the disputed tract of land as tenants in common by virtue of each party claiming ownership through a sibling of M. P. Travis. No deed in evidence ever succeeded in destroying the unity of possession by which any tenant in common was in possession for all. A discernible mathematical share of the land always remained as an undivided interest in each chain of title.

Plaintiff obtained her portion of this land from the heirs of Sabat Smith. Sabat was a sibling of M. P. Travis. Defendant obtained his portion of this land from his father, J. B. Travis. J. B. Travis was the son of W. G. Travis, who was a sibling of M. P. Travis, and a brother of Sabat Smith.

As between tenants in common, adverse possession is governed by its own set of rules. *See* Annot., Adverse Possession Between Cotenants, 82 A.L.R. 2d 5, 140 (1962). We hold that the following rules apply, as summarized by this Court in *Young v. Young*, 43 N.C. App. 419, 427, 259 S.E. 2d 348, 352 (1979):

"Because defendants were tenants in common with the plaintiff, their possession for a period of less than twenty years could not be adverse to the plaintiff, absent an actual ouster of the plaintiff. This is so because a tenant in common has the right to possess the property and is presumed to be holding under his true title. *Winstead v. Woolard*, 223 N.C. 814, 28 S.E. 2d 507 (1944). The possession of a tenant in common is not considered adverse to his cotenant unless he ousts his cotenant 'by some clear, positive, and unequivocal act equivalent to an open denial of his [cotenant's] right.' *Dobbins v. Dobbins*, 141 N.C. 210, 214, 53 S.E. 870, 871 (1906). If the tenant in common gives a deed which purports to convey the whole estate, the grantee therein merely steps into his grantor's shoes. As a result, the deed is not color of title as against the grantor's cotenants, and seven years' possession under the deed will not ripen title to the whole estate in the grantee. *Cox v. Wright*, 218 N.C. 342, 11 S.E. 2d 158 (1940). 'In the absence of *actual ouster*, the ouster of one tenant in common by a cotenant will not be presumed from an exclusive use of the common property and the appropriation of its profits to his own use for a less period than twenty years . . . .' *Morehead v. Harris*, 262 N.C. 330, 343, 137 S.E. 2d 174, 186 (1964)."

Pursuant to these rules, plaintiff could be adjudged the fee simple owner of the land only if she or her predecessors in title actually ousted defendant or his predecessors or adversely possessed the disputed property for at least twenty years. Both the referee and the trial court found "[t]hat the Plaintiff's evidence does not establish by the greater weight of the evidence that the occupation and use of the said disputed tract of land by herself and her predecessors in title has been exclusive and continuous for a period of at least twenty years." Since plaintiff has not excepted to this finding, we need consider only whether there was an actual ouster of defendant or his predecessors.

An actual ouster has been described as an entry or possession of one tenant in common that enables a cotenant to bring ejectment against him. The entry or possession "must be by some clear, positive, and unequivocal act equivalent to an open denial of his right and to putting him out of the seizin." *Dobbins v. Dobbins,* 141 N.C. 210, 214, 53 S.E. 870, 871 (1906). Plaintiff would have us find that either her adverse possession of the disputed property under color of title for 7 years, or her possession under the alleged 1917 parol partition of the Travis property would constitute an ouster, and thus entitle plaintiff to fee simple ownership. However, as previously noted, adverse possession even under color of title will not ripen title as against a tenant in common short of twenty years. *See Duckett v. Harrison,* 235 N.C. 145, 69 S.E. 2d 176 (1952), and cases cited therein. Also, under the facts in the record, the alleged parol partition fails to work an ouster. As held by the court in *Duckett, id.* at 147, 69 S.E. 2d at 178,

"In order for tenants in common to perfect title to the respective shares of land allotted to them by parol, it is necessary for them to go into possession of their respective shares in accordance with the agreement and to hold possession thereof under known and visible boundaries, consisting of lines plainly marked on the ground at the time of the partition, and to continue in possession openly, notoriously and adversely for twenty years. (Citations omitted)."

According to the record, the evidence to support the 1917 oral partition is contained in the 1956 deed from W. G. Travis to J. B. Travis. In surplus words following the description, it ap-

pears that the 55-acre tract of M. P. Travis "was inherited by Mrs. Sabat Smith, Mrs. Bettie T. Williams, and W. G. Travis," that a surveyor was employed to divide the land into three parts, and that "Mrs. Sabat Smith drew the western share, W. G. Travis drew the center share and Bettie Williams the eastern share. . . . It is the intention of this deed to transfer all right, title and interest now owned by W. G. Travis in the M. P. Travis land . . . to the grantees named herein whether or not land is fully described above." While this deed succeeded in conveying to J. B. Travis all the interest in the land then owned by W. G. Travis, the deed fails to constitute an ouster. There is no showing of known and visible boundaries of each of the three shares with lines plainly marked on the ground as of the 1917 partition. Also, the evidence fails to show that in 1917 the three tenants in common went into possession of their respective shares in the division in accordance with the agreement, which agreement was memorialized in 1956 by only one of the three heirs.

In considering the findings of fact made by the referee and adopted by the trial court, this Court must find them conclusive if there is any competent evidence to support them. *Morpul, Inc. v. Knitting Mill,* 265 N.C. 257, 143 S.E. 2d 707 (1965). We find the evidence considered by the referee competent to support a finding that plaintiff adversely possessed the disputed property under color of title for 7 years only. Her evidence shows that she purchased the property at issue on 17 March 1967. The property was surveyed and deed recorded on 4 October 1967. Plaintiff's brother testified that he had planted crops on the disputed tract since 1968. There was further evidence that plaintiff enjoyed uninterrupted possession of the land from 1967 until 1976; that she collected rent from her brother and that it was generally known in the community that Sabat Smith had owned the disputed land. At most, plaintiff can show adverse possession for ten years, plus a few months. Thus, the evidence fails to contain facts justifying an award of title to the plaintiff by adverse possession as between tenants in common.

Judgment for the plaintiff is reversed.

Judges ARNOLD and WEBB concur.