BERTIE-HERTFORD CHILD SUPPORT ENFORCEMENT AGENCY, EX REL., BARBARA SCOTT SOUZA v. IRVIN RAY BARNES

No. 856DC1214

(Filed 6 May 1986)

1. **Evidence § 51; Trial § 6.1— blood-grouping tests—chain of custody—stipulation**

    Testimony of the results of blood-grouping tests was not improperly admitted because there was no showing of the chain of custody of the test samples where the parties stipulated that "the chain of evidence and possession of said blood samples shall be deemed proper and secure."

2. **Bastards § 10; Equity § 2— paternity and child support—laches—no statute of limitations**

    Defendant waived the defense of laches in a paternity and child support action by failing to plead such defense. Furthermore, no statute of limitations barred the action since the father's duty to support his illegitimate children continues throughout the minority of the children.

APPEAL by defendant from *Williford, Judge.* Judgment entered 24 June 1985 in BERTIE County District Court. Heard in the Court of Appeals 9 April 1986.

Plaintiff, the Child Support Enforcement Agency for Bertie and Hertford Counties, brought this action to determine the paternity of Irvin Ray Scott and Evelyn Nicole Scott, both born 13 January 1973, alleged to be the illegitimate children of defendant, and to require defendant to contribute to the support of said children. Defendant answered, denying plaintiff's allegations of paternity and pleading the statute of limitations as a defense.

Following a trial, judgment was entered finding and concluding that defendant was the father of said children and ordering defendant to contribute to their support. Defendant appeals from that judgment.

*Smith and Daly, P.A., by Lloyd C. Smith, Jr. and Roswald B. Daly, Jr., for plaintiff-appellee.*

*Perry W. Martin; and Taylor & McLean, by Donnie R. Taylor, for defendant-appellant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends that the trial court erred in admitting evidence of the blood-grouping tests carried out to determine the paternity of the children named in plaintiff's complaint. This evidence was presented through the testimony of G. L. Ryals, Director of Paternity Testing at Roche Biomedical Laboratories and an expert in Human Leucocyte Antigen (HLA) Tissue Testing, a test to determine the probability of paternity. Dr. Ryals testified that his test results showed the probability of defendant's paternity of Irvin Ray Scott to be 98.98 percent and Evelyn Nicole Scott to be 95.10 percent. Defendant now contends that a proper foundation was not laid for Dr. Ryals' testimony because there was no showing of the chain of custody of the test procedures. The record shows that prior to trial, plaintiff and defendant, through counsel, stipulated that the blood-grouping tests would be conducted and that the results would be admissible in evidence. In addition, the parties stipulated that "the chain of evidence and possession of said blood samples shall be deemed proper and secure." Courts in this State look with favor upon stipulations designed to simplify and shorten litigation. *Thomas v. Poole*, 54 N.C. App. 239, 282 S.E. 2d 515 (1981), *disc. rev. denied*, 304 N.C. 733, 287 S.E. 2d 902 (1982). Where stipulations have been entered of record and there is no contention that the attorney for either party was not authorized to enter into such stipulations, the parties are bound and cannot take a position inconsistent with their stipulations. *Id.* We deem defendant's argument on this issue to be wholly without merit and overrule it.

[2] In his second assignment of error, defendant contends that plaintiff's action should be barred by the doctrine of laches and by operation of the statute of limitations. Laches is an affirmative defense which must be specifically pleaded by answer. N.C. Gen. Stat. § 1A-1, Rule 8(c) of the Rules of Civil Procedure. Defendant failed to plead this defense and has therefore waived it. Even if

there had been no waiver, defendant, having offered no evidence, has obviously failed to meet his burden at trial of establishing this defense. *See Young v. Young,* 43 N.C. App. 419, 259 S.E. 2d 348 (1979). There is no statute of limitations as such affecting a father's duty to support his illegitimate children. *Cogdell v. Johnson,* 46 N.C. App. 182, 264 S.E. 2d 816 (1980). That duty continues throughout the child's minority. *Id.* This assignment is overruled.

For the reasons stated, we find no error in defendant's trial.

No error.

Chief Judge HEDRICK and Judge MARTIN concur.