WILLIS v. MANN

[96 N.C. App. 450 (1989)]

the pilot and that no criminal penalty is authorized for its breach is immaterial.

———————

WILLIE GUY WILLIS, Trustee, JOHN PAGE, THEODORE PAGE, JUDITH WILLIS v. LINDA BAUGUS MANN, WILLIAM BAUGUS, MICHAEL BAUGUS, PAMELA BAUGUS GASKILL, MOIRA GOODWIN McINTOSH, H. FRANK McINTOSH, VERA PAKE WILLIS, DALLAS P. WILLIS, THELMA ELLEN SIMPSON, FANNIE GREY WILLIS, WILLIAM HOWARD WILLIS, LOTTIE PAKE MEDEN, AUGUST MEDEN, JR., INA BELL GAVIN, RICHARD HARVEY GAVIN, SHEILA DYE JACKSON, GILBERT H. JACKSON, BESSIE EVELYN WASSON, RUSSELL WASSON, CHARLES LESTER PAKE, SR., ELEANOR PAKE, ERMA PAKE QUINN, LEON HUGHES QUINN, EILEEN PAKE JONES, DAVID E. JONES, JANICE PAKE FULCHER, MATTHEW FULCHER, FRANKLIN PAKE, ETHYL FULCHER PAKE, WILLIAM DENNELL PAKE, DOROTHY M. PAKE, SARAH SELLERS MATTHEWS, ROBERT JEFFERSON MATTHEWS, EVELYN SELLERS FOUNTAIN, ROBERT FOUNTAIN, JESSIE LEE SELLERS HILLER, WILLIAM H. HILLER, ROBERT A. SELLERS, MAUDE WEST SELLERS, RAYMOND SELLERS, MARGARET LUCAS SELLERS, UNKNOWN HEIRS AND DEVISEES OF RAYMOND WILLIS, BENJAMIN TYLER, JOHN SMITH, MARTIN R. SMITH AND HATTIE SMITH HARRIS AND OTHER UNKNOWN HEIRS

No. 883SC1331

(Filed 5 December 1989)

1. **Adverse Possession § 7 (NCI3d)— actual ouster of tenant in common by another tenant—sufficiency of evidence**

Evidence was sufficient to demonstrate an actual ouster of plaintiffs where it tended to show that defendants prevented one plaintiff from cutting timber on the property being claimed by defendants; when one defendant placed a mobile home on his lot, one plaintiff told him the home was being erected on "disputed land"; and the institution of a Torrens proceeding by plaintiffs' predecessor in title unequivocally indicated that plaintiffs had actual notice that defendants were claiming the property to the exclusion of plaintiffs and their predecessors.

**Am Jur 2d, Adverse Possession §§ 225-228, 230; Registration of Land Titles § 12.**

WILLIS v. MANN

[96 N.C. App. 450 (1989)]

**2. Adverse Possession § 19 (NCI3d)— institution of Torrens proceeding—continuity of color of title not broken**

The mere institution of a Torrens proceeding did not break the continuity of defendants' color of title, and the trial judge correctly ruled that defendants ripened an adverse claim to property by seven years' possession where the effect of plaintiffs' voluntary dismissal of the Torrens proceeding was to toll the limitations period on defendants' adverse claim for the subsequent twelve months, and when plaintiffs failed to bring a new action within that period, the limitations period continued to run from the point at which it had been tolled.

**Am Jur 2d, Adverse Possession §§ 225-228, 230; Registration of Land Titles § 12.**

**3. Adverse Possession § 4 (NCI3d)— lappage**

When a junior grant laps on a superior title, title to the junior grant will mature if there is an adverse and exclusive possession of the lappage.

**Am Jur 2d, Adverse Possession §§ 225-228, 230; Registration of Land Titles § 12.**

APPEAL by plaintiffs from judgment entered 29 May 1987 in CARTERET County Superior Court by *Judge David E. Reid, Jr.* Heard in the Court of Appeals 22 August 1989.

*Donald G. Lawrence and Bobby J. Stricklin for plaintiff-appellants.*

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by Claud R. Wheatly, III, for defendant-appellees.*

BECTON, Judge.

Plaintiffs instituted this action to quiet title to certain land in Carteret County. Following a bench trial, the judge entered judgment in favor of defendants, finding they had adversely possessed the property under color of title for seven years. Plaintiffs appeal, and we affirm.

I

On 28 February 1739, 320 acres of land in Carteret County were conveyed to John Jarrett. The property was partitioned

into four tracts in 1857; the first three of these are the subject of the present dispute. The tracts run, essentially, east and west and will be designated "the tracts" in this opinion. In 1963, defendants exchanged deeds, dividing much of the property into three lots. Defendants recorded their deeds in 1964. The lots run north and south and will be called "the lots" herein. The intersecting points of the tracts and the lots have created nine overlapping areas.

In 1969, plaintiffs' predecessor in title filed a Torrens action, claiming title as sole owner to the three tracts. In 1981, plaintiffs took a voluntary dismissal, without prejudice, of the action and did not bring a new action within one year. Plaintiffs filed the present action in 1985.

At trial, plaintiffs introduced evidence of common ancestry in title between plaintiffs and defendants. The judge found that plaintiffs had connected themselves to the 1739 grant and found plaintiffs to be owners of the three tracts created by the 1857 partition. Additionally, the judge found that, beginning in 1963, defendants went into possession of the property delineated in their deeds and 1) marked boundaries, 2) subdivided lot 3 on two occasions, 3) rechopped old lines, 4) placed a mobile home on lot 3, resurveyed the lot, and chopped certain lines, 5) prevented plaintiff Willie Guy Willis and his predecessor in title from cutting timber on the property, 6) established corners and placed markers on their individual property lines and, on two occasions, strung wire along their boundaries, 7) paid taxes on the property, and 8) defended the Torrens proceeding instituted by plaintiffs' predecessor in title. The judge concluded that, although plaintiffs had properly surveyed and located their property and had established a superior chain of title, defendants had ripened an adverse claim to their lots under seven years' color of title, N.C. Gen. Stat. Sec. 1-38 (1983). The judge "specifically reject[ed] any claim of adverse possession by Defendants pursuant to the twenty year adverse possession statute [N.C. Gen. Stat. Sec. 1-40 (1983)]." Plaintiffs appealed.

II

This litigation has yielded a voluminous record and issues involving tenancy in common, lappage, possessory acts, statutes of limitation, and evidentiary matters. In our view, however, resolution of this case turns upon whether the judge properly ruled that defendants acquired exclusive rights to the land on the basis

of adverse possession under color of title. We hold that the judge correctly found that they did.

A

Plaintiffs first assign error to the judge's application of a color-of-title theory to defendants' possession of the land encompassed by tract two. Plaintiffs contend that their evidence established a tenancy in common among plaintiffs and defendants as to that tract, and that the judge should have applied the twenty-year possessory period as a result. We disagree.

The judge's findings are equivocal as to whether he believed plaintiffs and defendants were tenants in common as to tract two. Plaintiffs presented the testimony of a genealogist tending to show that when the land was partitioned in 1857, the owners of tract two were the common ancestors to all parties. The judge's findings as to the ownership of tract two, moreover, suggest he found a tenancy in common with respect to that land. We will assume, therefore, that a tenancy in common existed with regard to that property.

There is, in this case, no evidence and no claim by plaintiffs that defendants exchanged their deeds in bad faith. *Cf. State v. Taylor*, 60 N.C. App. 673, 678, 300 S.E.2d 42, 46, *disc. rev. denied and appeal dismissed*, 308 N.C. 547, 303 S.E.2d 823 (1983) (defendants were aware, when they exchanged deeds, that neither had title to deeded property). Defendants' deeds, therefore, were color of title.

Between tenants in common, possession by one tenant for a period of less than twenty years cannot be adverse to the others, as the possession of one tenant in common is, in law, the possession of all of them. *See McCann v. Travis*, 63 N.C. App. 447, 451, 305 S.E.2d 197, 200 (1983) (quoting *Young v. Young*, 43 N.C. App. 419, 427, 259 S.E.2d 348, 352 (1979)); *Morehead v. Harris*, 262 N.C. 330, 343, 137 S.E.2d 174, 186 (1964). A tenant in common has the right to possession of the property and is presumed to hold under true title. *Young*, 43 N.C. App. at 427, 259 S.E.2d at 352 (citing *Winstead v. Woolard*, 223 N.C. 814, 28 S.E.2d 507 (1944)). The twenty-year period does not apply, however, when one tenant in common ousts another. *See Morehead*, 262 N.C. at 343, 137 S.E.2d at 186; *Dobbins v. Dobbins*, 141 N.C. 210, 214, 53 S.E. 870, 871 (1906); *accord McCann*, 63 N.C. App. at 452, 305 S.E.2d at 200.

The issue before us, then, is whether, as defendants assert, plaintiffs were at any time ousted from possession of tract two.

Actual ouster involves "an entry or possession of one tenant in common that enables a cotenant to bring ejectment against him." *McCann*, 63 N.C. App. at 452, 305 S.E.2d at 200. The entry or possession must be a clear, positive, and unequivocal act equivalent to an open denial of [the cotenant's] right and to putting him out of the seizin. *Id.* (quoting *Dobbins*, 141 N.C. at 214, 53 S.E. at 871). Related to the doctrine of actual ouster is that of presumptive ouster, whereby the law, following a tenant's uninterrupted exclusive possession of the land for twenty years, will presume an ouster at the beginning of the statutory period. *See Page v. Branch*, 97 N.C. 97, 102, 1 S.E. 625, 628 (1887). Because the judge found that defendants' acts of possession from 1963 onward were not sufficient to establish adverse possession under the twenty-year statute, the doctrine of presumptive ouster cannot apply. Of necessity, the judge would have to have found that an actual ouster by defendants occurred, or else, as plaintiffs properly contend, the judgment, as regards tract two, cannot stand.

[1] Adequate evidence exists in this case to support a finding of an actual ouster of plaintiffs. The judge did not explicitly address the question of ouster; his failure to do so, however, is not fatal to the judgment. *Cf. Reese v. Carson*, 3 N.C. App. 99, 104, 164 S.E.2d 99, 102 (1968) (if correct result reached by trial judge, judgment should not be disturbed on appeal even if some reasons assigned for judgment not correct). The judge found, and the record supports his finding, that defendants prevented plaintiff Willis from cutting timber on the property being claimed by defendants. When, in 1976, defendant Henry Fountain placed a mobile home on his lot, Mr. Willis told him the home was being erected on "disputed land." Significantly, in 1969, plaintiffs' predecessor in title brought a Torrens proceeding. We agree with defendants that the institution of this action unequivocally indicates that plaintiffs had actual notice that defendants were claiming the property to the exclusion of plaintiffs and their predecessors. We hold that the evidence in this case demonstrates an actual ouster of plaintiffs. Once plaintiffs were ousted, defendants could ripen title under the seven years' color of title statute. *See Breeden v. McLauren*, 98 N.C. 307, 310, 4 S.E. 136, 138 (1887).

B

In a related assignment of error, plaintiffs challenge the acts of possession by defendants, contending that those acts are insufficient to establish an adverse holding. We have recited the findings made by the trial judge on this issue, and we summarily affirm his conclusion that the elements of possession in this case were sufficient to show defendants' possession of the land for more than seven years. We overrule this assignment of error.

C

[2]  Plaintiffs have assigned error to the judge's ruling that the continuity of defendants' claim was not interrupted when plaintiffs voluntarily dismissed the Torrens proceeding in 1981 and did not reinstitute the action within one year of that dismissal. Plaintiffs contend that the period between the filing of the action (1969) and of the dismissal (1981) broke defendants' continuity of possession, and that the seven-year period for color of title would have started to run anew in 1981. We do not agree.

N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 41(a)(1) permits a party who takes a voluntary dismissal without prejudice to bring a new action within one year of the dismissal. The applicable statute of limitations is tolled for the year following the dismissal. *See Parrish v. Uzzell*, 41 N.C. App. 479, 484, 255 S.E.2d 219, 222 (1979). The effect of plaintiffs' voluntary dismissal of the Torrens proceeding, therefore, was to toll the limitations period on defendants' adverse claim for the subsequent twelve months. When plaintiffs failed to bring a new action within that period, however, the limitations period continued to run from the point at which it had been tolled. Contrary to plaintiffs' assertions, the mere institution of the Torrens proceeding did not break the continuity of defendants' color of title, and the trial judge correctly ruled that defendants ripened an adverse claim to the lots by seven years' possession. We overrule plaintiffs' assignment of error.

III

[3]  Plaintiffs argue that the trial judge erred by failing to apply the rules of lappage in this case. The rules of lappage direct that when the title deeds of two rival claimants to land lap upon each other, and neither claimant is in actual possession of any of the land covered by the deeds, the claimant with the better title is deemed in possession of the lappage. *Price v. Tomrich Corp.*, 275

N.C. 385, 392-93, 167 S.E.2d 766, 771 (1955). If one of the claimants is seated on the lappage and the other is not, however, possession is in the claimant so seated. *Id.* at 393, 167 S.E.2d at 771. Plaintiffs argue that the only defendant seated on the lappage is defendant Fountain, who placed his mobile home upon a separately deeded lot. Plaintiffs thus argue that Mr. Fountain's possession is limited to that area.

We have held, however, that defendants ousted plaintiffs and ripened their claim to the lots under seven years' color of title. When a junior grant laps on a superior title, title to the junior grant will mature if there is an adverse and exclusive possession of the lappage. *See id.* Such is the case here, and, accordingly, we overrule this assignment of error.

## IV

We hold that defendants established title by adversely possessing the land under seven years' color of title, and the judgment of the trial judge is

Affirmed.

Judges EAGLES and COZORT concur.