**BECK v. BECK**

[125 N.C. App. 402 (1997)]

DORIS E. BECK, Petitioner v. H. CLAY BECK, Respondent

No. COA96-115

(Filed 18 February 1997)

**Adverse Possession § 27 (NCI4th)— tenancy in common—allegations of property rights denied in 1973 partition petition—advent of adverse possession—not tolled by pendency of petition**

Respondent is entitled to undivided ownership of the subject property by adverse possession where petitioner and respondent acquired the property as tenants by the entireties in 1944; petitioner separated from respondent in 1965 and left the property; the parties divorced in 1972, creating a tenancy in common; petitioner instituted a special proceeding for partition of the property in 1973; respondent denied that petitioner had any property rights in the property whatsoever; the case was eventually dismissed without prejudice because of petitioner's failure to prosecute the action; and respondent conducted his affairs with regard to the property from the date he filed his answer in 1973 until the date of this action as if it were his own, cutting and selling timber on the land, renting out mobile homes and a home on the property, and performing other acts consistent with ownership of the property. Respondent's 26 July 1973 answer to petitioner's partition claim amounted to an open, unequivocal denial of petitioner's rights to any part of the subject property and that was the advent of respondent's adverse possession. Although petitioner asserts that the running of the twenty year period was stopped from the filing of the partition in 1973 until its dismissal in 1978, it is the longstanding rule of North Carolina that, if an actual ouster be made, the remedy is by ejectment rather than partition. N.C.G.S. § 1-40.

**Am Jur 2d, Adverse Possession §§ 15, 35, 53, 127, 130.**

Appeal by petitioner from summary judgment entered 13 November 1995 by Judge L. Todd Burke in Randolph County Superior Court. Heard in the Court of Appeals 29 October 1996.

*Douglas, Ravenel, Hardy & Crihfield, L.L.P., by Robert D. Douglas, III, for petitioner appellant.*

*Cecil & Cecil, P.A., by Robert L. Cecil, for respondent appellee.*

SMITH, Judge.

The question presented by this appeal is whether respondent, a tenant in common with petitioner, has ownership of the subject property by reason of the application of the doctrine of adverse possession. Petitioner petitioned the trial court for partition of the subject property pursuant to N.C. Gen. Stat. § 46-3 (1984). Respondent answered the petition and claimed ownership of the land by adverse possession. We hold that respondent actually ousted petitioner in 1973, has held the property adversely to petitioner for more than twenty years, and is therefore entitled to undivided ownership of the subject property.

The facts of this case, in the light most favorable to petitioner, are as follows. Petitioner and respondent were married in 1923, and subsequently acquired the subject property in 1944 as tenants by the entireties. In 1965, petitioner separated from respondent and left the subject property. The parties divorced in 1972, thereby creating a tenancy in common between them.

On 6 June 1973, petitioner instituted a special proceeding against respondent for partition of the subject property (the same property which is the subject of this appeal). In the 6 June 1973 petition, petitioner alleged she was half owner of the subject property as a tenant in common with respondent. Respondent, in his answer, denied that petitioner had any property rights whatsoever in the property. Subsequently, on 25 May 1978, petitioner's case was dismissed without prejudice by the trial court, pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) (1990), because of petitioner's failure to prosecute the partition action. Petitioner took no further action in this matter until the 20 March 1995 filing of the instant petition for partition.

The trial court found, and the record reflects, that petitioner knew in 1973 that respondent claimed the subject property as his own. Furthermore, respondent's responsive pleadings to petitioner's 1973 partition action unequivocally asserted his claim of total and exclusive ownership of the subject property. Petitioner also admitted, in her deposition testimony, that respondent had been in sole and undisturbed possession of the subject property since 1973, had collected rents and profits from the property without objection by petitioner, and had paid all taxes due upon the land.

Petitioner's deposition also indicates that she knew of, and did not object to, respondent's sale of timber cut from the land, respond-

ent's use of the land for the grazing of cattle and for farming, respondent's claim of ownership to the land during a boundary dispute with another party (not petitioner), and respondent's rental of mobile homes on the property. Finally, petitioner admitted in her deposition that respondent had "treated said real property as his own," "open and notoriously to his own use," "to the exclusion of the Petitioner," by "clear, positive, and unequivocal acts of ownership."

Respondent argues that he has possessed the subject property adversely to petitioner for more than twenty years, and is thus entitled to sole ownership of the property. Respondent does not argue adverse possession under color of title, and so, the central question in this case becomes whether respondent is entitled to sole ownership of the land pursuant to N.C. Gen. Stat. § 1-40 (1996), which allows for possession of land via the doctrine of adverse possession. N.C. Gen. Stat. § 1-40 reads as follows:

> No action for the recovery or possession of real property, or the issues and profits thereof, shall be maintained when the person in possession thereof, or defendant in the action, or those under whom he claims, has possessed the property under known and visible lines and boundaries adversely to all other persons for 20 years; and such possession so held gives a title in fee to the possessor, in such property, against all persons not under disability.

The focal point for adverse possession under § 1-40 is on the statutorily required period: twenty years. As between tenants in common, possession "is not considered adverse . . . unless [the adverse claimant] ousts his cotenant 'by some clear, positive, and unequivocal act equivalent to an open denial of his [cotenant's] right.' " *McCann v. Travis*, 63 N.C. App. 447, 451, 305 S.E.2d 197, 200 (1983) (quoting *Young v. Young*, 43 N.C. App. 419, 427, 259 S.E.2d 348, 352 (1979)). A cotenant's clear positive denial of another cotenant's rights in the common property is known as an "actual ouster." *Willis v. Mann*, 96 N.C. App. 450, 454, 386 S.E.2d 68, 71 (1989), *disc. review denied*, 326 N.C. 367, 389 S.E.2d 820 (1990). Actual ouster involves "an entry or possession of one tenant in common that enables a cotenant to bring ejectment against him.' " *Id.* (quoting *McCann*, 63 N.C. App. at 452, 305 S.E.2d at 200.)

In the instant case, respondent argues that he actually ousted petitioner from the subject property on 26 July 1973, the date he filed his answer in the first partition proceeding brought by petitioner. In that answer, respondent denied that petitioner had any interest what-

soever in the subject property, and claimed the property as his own. From 26 July 1973 until the date of the present action, respondent conducted his affairs with regard to the property as if it were his own. After denying petitioner's rights to the land in the initial partition proceeding (which, in and of itself, amounted to an actual ouster), respondent continued to engage in clear, positive conduct "equivalent to an open denial of [the cotenant's] right and to putting him out of the seizin." *Willis*, 96 N.C. App. at 454, 386 S.E.2d at 71 (quoting *Dobbins v. Dobbins*, 141 N.C. 210, 214, 53 S.E. 870, 871 (1906)). For instance, respondent cut and sold timber on the land, rented out mobile homes and a home on the property, and performed other acts consistent with ownership of the property. Furthermore, in her deposition, petitioner admitted that respondent "ha[d] treated said real property as his own," and was in "complete control of it."

Based on these facts, we conclude that petitioner was "actual[ly] ousted" from the property at issue on the date of respondent's filing of the answer in the first partition proceeding. *See Willis*, 96 N.C. App. at 454, 386 S.E.2d at 71. In *Willis*, on facts substantially similar to the ones at hand, this Court held "that the institution of this [Torrens] action unequivocally indicates that plaintiffs had actual notice that defendants were claiming the property to the exclusion of plaintiffs . . . . We hold that [such] evidence . . . demonstrates an actual ouster of plaintiffs." *Id.* In our view, respondent's 26 July 1973 answer to petitioner's prior partition claim amounted to an open, unequivocal denial of petitioner's rights to any part of the subject property. Thus, for § 1-40 purposes, the advent of respondent's adverse possession was 26 July 1973, the date of respondent's actual ouster of petitioner.

Accordingly, the only question left unanswered is whether the continuity of respondent's adverse possession claim was interrupted by petitioner's prior partition action of 6 June 1973. We hold that it was not. Petitioner asserts, without citation to authority, that her "filing of the [partition] proceeding in 1973, until [the proceeding's] dismissal in 1978, constitute[d] a reassertion of Petitioner's ownership and . . . stop[ped] the running of the twenty year period." Petitioner's theory is flawed, for it is the longstanding rule of North Carolina courts that "if an actual ouster be made by one tenant in common with his co-tenant, there is no longer a common possession, and the remedy is not by petition for partition, but by ejectment to recover possession of the individual moiety." *Thomas v. Garvin*, 15 N.C. 223, 224 (1833). Applied here, the rule in *Garvin* necessarily means that

petitioner's 1973 partition action did not interrupt respondent's adverse possession of the property, and so the clock continued ticking for § 1-40 purposes.

Both of the instant parties have cited the *Willis* decision as shedding light on the continuity of possession issue. In *Willis*, this Court was faced with a continuity problem similar to the instant one, albeit in the context of a Torrens proceeding. *Willis*, 96 N.C. App. at 455, 386 S.E.2d at 71. The general purpose of the Torrens system is, much like a claim for title by adverse possession, " 'to secure by a decree of court, or other similar proceeding[], a title impregnable against attack . . . and to protect the registered owner against all claims or demands not noted on the book for the registration of titles.' " *State v. Johnson*, 278 N.C. 126, 144, 179 S.E.2d 371, 383 (1971) (quoting Frederick B. McCall, *The Torrens System—After Thirty-Five Years*, 10 N.C.L. Rev. 329, 330 (1932)).

In *Willis*, the plaintiffs' predecessor in title had filed a Torrens action against the defendant (an adverse possession claimant) in 1969, and had dismissed that same action in 1981. *Willis*, 96 N.C. App. at 455, 386 S.E.2d at 71. In a subsequent action to quiet title to the same property, the *Willis* plaintiffs asserted that "the period between the filing of the action (1969) and of the dismissal (1981) broke defendants' continuity of possession . . . ." *Id.* The *Willis* Court dismissed this argument, without citation to authority, by holding that "the mere institution of the Torrens proceedings did not break the continuity of defendants' [adverse possession claim]." *Id.*

The result in *Willis* is consistent with the rule from *Garvin*, and as such, we are bound by both holdings. Therefore, the pendency of petitioner's 1973 petition for partition (through its dismissal by the trial court in 1978), had no effect on the accrual of respondents' adverse possession claim. *Garvin*, 15 N.C. at 225. Having ousted petitioner in 1973, and having held the property adversely to petitioner for more than twenty years, respondent is entitled to sole ownership of the property as its adverse possessor. N.C. Gen. Stat. § 1-40, *Morehead v. Harris*, 262 N.C. 330, 343, 137 S.E.2d 174, 186 (1964).

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

Judges LEWIS and WALKER concur.